**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1072**
_____

RAYMOND FABER,

        Plaintiff - Appellant,

     v.

MOUNTAIN STATES PHYSICIAN GROUP, INC., a Tennessee corporation;
BALLAD HEALTH, a Tennessee corporation,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at
Abingdon.  James P. Jones, Senior District Judge.  (1:20-cv-00045-JPJ-PMS)

_____

Submitted:  October 12, 2022                 Decided:  November 3, 2022

_____

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and FLOYD, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Steven R. Minor, ELLIOTT, LAWSON & MINOR, PC, Bristol, Virginia, for
Appellant.  Brian D. Roark, Allison Wiseman Acker, BASS, BERRY & SIMS PLC,
Nashville, Tennessee, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Faber appeals the district court's order and judgment granting summary judgment to the Defendants and dismissing his retaliation claim under the False Claims Act (FCA). On appeal, Faber asserts that his employer did not meet the burden of showing a legitimate, nonretaliatory reason for his termination and that there was a genuine dispute that the reasons for his termination were pretextual. We affirm.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted).

The False Claims Act "is designed to discourage contractor fraud against the federal government." *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). The Act has a provision protecting whistleblowers from retaliatory adverse employment actions. 31 U.S.C. § 3730(h)(1). To bring a successful retaliation claim under the Act, a plaintiff must show that (1) he engaged in protected activity by acting to prevent a violation of this Act; (2) his employer knew of the protected activity; and (3) his employer took adverse action against him as a result of these acts. *Glynn*, 710 F.3d at 214.

2

Assuming, as the district court did here, that Faber established a prima facie case of retaliation under the FCA, a presumption of retaliation arises, and the burden then shifts to the employer to show that it had a legitimate non-retaliatory basis for its actions. *Lestage v. Coloplast Corp.*, 982 F.3d 37, 47 (1st Cir. 2020) (describing burden shifting in retaliation claim under the FCA). If the employer makes this showing, the presumption of retaliation vanishes and the burden shifts back to the plaintiff to rebut the employer's evidence by showing that the employer's purported nonretaliatory reasons were not its true reasons, but were a pretext for discrimination. *Id.*

We conclude that Faber's employer established a legitimate, nonretaliatory basis for terminating Faber's employment and that Faber failed to rebut his employer's evidence by showing that the reasons for his termination were a pretext for retaliation. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*